KERMIT MICHAEL BENNINGHOVEN and KAREN KAYE BENNINGHOVEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Benninghoven v. Commissioner
Docket No. 3406-73
United States Tax Court
T.C. Memo 1974-228; 1974 Tax Ct. Memo LEXIS 91; 33 T.C.M. (CCH) 1010; T.C.M. (RIA) 74228; August 29, 1974, Filed. Karen Kaye Benninghoven, pro se. David R. Bosse & John B. Turner, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1969 in the amount of $251.08. The only issue for decision is whether petitioners are entitled to dependency exemptions for the two children of Karen Kaye Benninghoven by her prior marriage to Charles C. Essary. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners *93 Kermit Michael Benninghoven and Karen Kaye Benninghoven, husband and wife, maintained their residence in Florissant, Missouri at the time the petition was filed in this case. They filed a joint Federal income tax return for the taxable year 1969 with the district director of internal revenue at Dallas, Texas. Karen Kaye Benninghoven will hereinafter be referred to as either petitioner or Karen. Karen was formerly married to Charles C. Essary (Charles). Two children were born of their marriage, namely, Clinton Rafe Essary (Clinton) and Jennifer Kaye Essary (Jennifer). The marriage was dissolved by divorce on August 15, 1966, a decree being issued by the District Court of Roosevelt County, New Mexico. The divorce decree ratified, confirmed and approved a separation contract (contract) entered into by Karen and Charles on August 13, 1966. Pursuant to the contract petitioner received custody of Clinton for the winter or school months, with Charles having custody of the child during the summer or vacation months. Petitioner was awarded full custody of Jennifer subject to the reasonable visitation rights of Charles. The contract further provided that Charles would be entitled *94 to claim the children as dependents for Federal income tax purposes for the year 1966. The provision reads as follows: THIRD: Second Party shall assume and pay all the remaining indebtedness of the community, including any and all income tax liability for all earnings of Second Party for the calendar year 1966. It is further agreed between the parties that Second Party shall claim both of the minor children of the parties as dependents for income tax purposes. Total expenditures for the year 1969 made in support of Clinton and Jennifer were no less than the following amounts: Clinton
$2,896.73
Jennifer
$2,363.06
Included in the support totals are each child's share of rent, food, utilities, rental value of the furniture and various other expenditures, including items relating solely to either child. In 1969 Charles made support payments pursuant to the contract totaling $1,557.50. [1] He also spent no more that $913.66 on the children for various things including gifts, meals and trips. Petitioners claimed dependency deductions for the two children on their Federal income tax return for 1969. Respondent, in his statutory notice of deficiency dated *95 March 8, 1973 disallowed the claimed deductions. OPINION Pertinent to a determination here are the provisions of sections 152(e) (1) and (e) (2). Section 152(e) (1) provides that where divorced parents provide over one-half of the support of their child the dependency deduction for such child will be allowed to the parent having custody, unless section 152(e) (2) is applicable. This section permits the parent not having custody to claim the dependency deduction if: (2) SPECIAL RULE. * * * (A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year or (B) (i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all *96 of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. We initially dispose of respondent's claim that section 152(e) (2) (A) is applicable to this matter. Although there is no dispute that Charles provided more than $600 of support for each child, there is some question as to whether the contract entitles Charles to claim the two dependency exemptions for the year in question. See Article Third of the separation contract. After closely reviewing the entire record in this case we believe that the language of the contract pertinent to the matter here refers only to the year 1966 and has no application to subsequent years. It does not entitle Charles to claim the children as dependents in the year 1969. [2] The test for support here is therefore governed by section 152(e) (2) (B). *97 It has been stipulated that Charles provided support for both of the children in an amount greater than $1200. Therefore, in order for Karen to prevail in this matter, she must clearly establish that she provided more for the support of each child than did Charles. . We believe she has met her burden in regards to Jennifer but not as to Clinton. Respondent has presented this Court with evidence as to Charles' expenditures made on behalf of Clinton and Jennifer. Similarly, petitioner has presented an itemized statement of the expenditures she has made on behalf of the children. Under the circumstances here, we find the evidence presented by both parties to be reasonable and for the most part accurate. [3]
Using the figures supplied by petitioner and respondent, as adjusted, we find that each parent contributed the following amounts in 1969 as support for each of the children: Support from Karen
Charles Clinton
$1360.02
$1536.71
Jennifer
$1428.61 [4]
$ 934.45
*98 In view of the above, we hold that Karen has clearly established that she has provided over one-half of the support for Jennifer. She has not, however, met the burden of proof required to claim Clinton as a dependent. Accordingly, Karen is entitled to the dependency exemption for Jennifer alone. Decision will be entered under Rule 155. Footnotes
1. It has been stipulated that this amount represents $900.00 of child support for Jennifer and $657.50 for Clinton. ↩
2. The law of New Mexico controls the construction of this contract. See 17 C.J.S. Contracts § 12(4) (1963). Under applicable state law the intent of the parties will control an ambiguous contract, ascertained by their language and conduct, the object sought to be accomplished, and the surrounding circumstances at the time of the execution of the contract. . ↩
3. We recognize that although the testimony of both Karen and Charles appeared to be candid, their memories of events taking place several years prior to the date of trial may have been impaired by the passage of time. Accordingly, we have made such adjustments to the figures presented as we felt were warranted. ↩
4. This amount has been conceded by petitioner on brief. ↩